UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAMON JOHNSON,  
    Plaintiff,

vs.

LINNEA MAHLMAN, et al.,  
    Defendants.

Case No. 1:16-cv-503

Black, J.  
Bowman, M.J.

**ORDER AND REPORT  
AND RECOMMENDATION**

    Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this *pro se* civil rights action under 42 U.S.C. § 1983.  (*See* Doc. 1, Complaint).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the instant prisoner civil rights action, plaintiff has named two defendants: (1) Linnea Mahlman, SOCF's Institutional Inspector; and (2) SOCF correctional officer Michael Dillow. (*See* Doc. 1, Complaint, p. 4, at PAGEID#: 13). Plaintiff alleges that on December 29, 2015, he was "falsely accused of spitting on & disrespecting" a correctional officer and that when defendant Dillow and two other officers arrived at his cell around a half hour later to handcuff him and escort him to segregation, Dillow "administered a burst of pepper spray into [his] cell, face & body area for absolutely no reason at all." (*Id.*, p. 5, at PAGEID#: 14). Plaintiff also alleges he was threatened by the officers, who stated that they would "kill [him] if [he] said one word." (*Id.*).

Plaintiff claims that after he was pepper-sprayed, he "was never taken to medical to be checked for injuries" or "given the opportunity to be decontaminated." (*Id.*). He avers that "[p]epper spray sat on my body & face for days causing temporary blindness in my left artificial eye." (*Id.*). Plaintiff generally states that he has been pepper-sprayed "at least four

3

different times" at SOCF "& every time these SOCF officials justify their excessive use of force . . . by accusing me & countless other inmates of spitting." (*Id.*, p. 6, at PAGEID#: 15). He avers that in any event, "pepper spray was used negligently, maliciously, unreasonably & excessively" by defendant Dillow. (*Id.*, pp. 6-7, at PAGEID#: 15-16).

In addition, plaintiff claims that he filed an informal complaint, followed by a use-of-excessive-force grievance to the institutional inspector, who "failed to take corrective action" in the matter. (*Id.*). Plaintiff alleges that defendant Mahlman "downplayed the incident by stating [he] was issued a conduct report for a Rule 6 & 26 & . . . was found guilty by the director" and stating that she had "reviewed a use of force statement . . . [he] never wrote." (*Id.*, p. 6, at PAGEID#: 15). Plaintiff further claims that because SOCF officials "never documented a rule violation on [his] conduct report," the report was "void" and his resulting "confinement in solitary" constituted "a false imprisonment" amounting to "cruel and unusual punishment." (*Id.*).

As relief, plaintiff seeks $25,000 in damages from each defendant. (*Id.*, p. 8, at PAGEID#: 17). He also seeks injunctive relief in the form of a "temporary restraining order" against the defendants "because they are known to retaliate against inmates who file lawsuits against them," as well as an order that "only the white shirts (no corrections officers)" may carry and administer pepper spray. (*See id.*).

Upon review of the complaint, the undersigned concludes that plaintiff's claim for damages against defendant Dillow in his individual capacity based on Dillow's alleged use of excessive force against plaintiff on December 29, 2015 is deserving of further development and

4

may proceed at this early stage in the proceedings.[1]  *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b).  However, all other claims should be dismissed because plaintiff's allegations fail to state a claim upon which relief may be granted by this Court.

First, to the extent plaintiff seeks to bring a claim against Dillow based on any threats that were made during the December 29, 2015 pepper-spraying incident, he has failed to state a viable claim under § 1983, which requires a showing of a deprivation of "a right secured by the United States Constitution or a federal statute."  *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).  It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."  *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie Cnty. Domestic Relations*, 283 F. App'x 8, 11 (3rd Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein).  *Cf. Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004).

Second, to the extent that plaintiff seeks to bring a claim based on the alleged denial of medical or decontamination care after the pepper-spraying incident, he has not alleged any facts even remotely suggesting that either of the two named defendants played any role in that matter.  Therefore, plaintiff has not stated an actionable claim under § 1983 against the

---

[1] It is noted that plaintiff is barred from bringing a suit for damages against Dillow in his official capacity. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. Dep't of Soc. Services,* 436 U.S. 658, 690 n.55 (1978)) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action); *see also Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998) (and cases cited therein) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages.").  Moreover, to the extent that plaintiff has requested injunctive relief in the form of a "temporary restraining order" requiring Dillow to refrain from acts of retaliation or prohibiting Dillow from carrying or administering pepper spray at SOCF, plaintiff has failed to allege any facts that would suggest such relief is warranted.

defendants based on the theory of deliberate indifference to his serious medical needs. *Cf. Chappell v. Morgan*, No. 2:15cv1110, 2016 WL 738098, at *4 (S.D. Ohio Feb. 25, 2016) (Report & Recommendation) ("unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the alleged unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted"), *adopted*, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016), *appeal filed*, No. 16-3307 (6th Cir. Mar. 31, 2016).

Similarly, to the extent that plaintiff seeks to bring a claim based on false accusations allegedly lodged against him on December 29, 2015, plaintiff has failed to state a claim against the defendants in the absence of any factual allegations suggesting that they directly participated in making those accusations. In any event, it is well-settled that "[f]alse accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing." *See Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (and Sixth Circuit cases cited therein); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986)) (holding that the district court properly dismissed a complaint alleging that prison officials "deliberately issued a false disciplinary report" against the plaintiff as frivolous because "even if the disciplinary report was false, . . . a prisoner has no constitutionally protected immunity from being wrongly accused"); *Lee v. Pauldine*, No. 1:12cv77, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) (Litkovitz, M.J.) (Report & Recommendation) (holding that the plaintiff had failed to state a claim for a violation of his due process rights because even "[a]ccepting as true plaintiff's

6

allegation that [the] defendant . . . filed a false conduct report against him," the "act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights") (internal citation and quotation marks omitted), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013) (Weber, J.).

Fourth, to the extent that plaintiff seeks to bring a claim challenging the disciplinary ruling of solitary confinement as "cruel and unusual punishment" because a rules violation was not documented on the conduct report, he has again failed to allege facts suggesting that the defendants were involved in that matter. In any event, such a claim must fail because it does not rise to the level of a constitutional violation. *See, e.g., Harden-Bey v. Rutter,* 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)) ("Because placement in segregation is a routine discomfort that is part of the penalty that criminal offenders pay for the offenses against society, it is insufficient to support an Eighth Amendment Claim.").

Furthermore, to the extent that plaintiff may argue his right to due process was violated, he fails to state a claim for relief under the Fourteenth Amendment because the challenged disciplinary action did not amount to a deprivation of a constitutionally protected liberty interest. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556 (6th Cir. 2002). The Sixth Circuit has held that confinement in

7

segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff has not alleged that the challenged disciplinary sanction resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. He also has not alleged any facts to support the inference that the sanction was so lengthy in duration as to rise to the level of an atypical and significant hardship. *Cf. Jones*, 155 F.3d at 812 (holding that an inmate's administrative segregation for two and a half years while his participation in a prison riot was being investigated did not amount to an atypical and significant hardship); *Mackey v. Dyke*, 111 F.3d 460, 461, 463 (6th Cir. 1997) (117-day delay in releasing the plaintiff from administrative segregation to the general prison population did not impose an atypical or significant hardship on the plaintiff and thus did not trigger due process concerns); *Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *7 (6th Cir. Aug. 23,

8

2000) (and numerous cases cited therein in support of holding that placement for 14 months in administrative segregation did not impose an atypical or significant hardship on the prisoner); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug. 11, 1999) (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control did not constitute an "atypical hardship" under *Sandin*). Accordingly, because plaintiff does not have a protected liberty interest under the circumstances alleged herein, his complaint against the defendants for any role they may have played in the disciplinary proceedings does not state a claim under the Fourteenth Amendment's Due Process Clause.

  Finally, plaintiff has not stated a claim against defendant Mahlman either in her supervisory capacity or as the institutional inspector who reviewed plaintiff's grievance stemming from the December 29, 2015 incident at SOCF. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo,* 499 F. App'x at 455 (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the

9

officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers").  Therefore, in the absence of any allegations that Mahlman actually participated in the use-of-force incident on December 29, 2015, plaintiff's allegation that Mahlman failed to take corrective action after she was notified of Dillow's alleged misconduct is simply insufficient to give rise to an actionable § 1983 claim.  *Cf. Chappell, supra*, 2016 WL 738098, at *4 (citing *Shehee*, 199 F.3d at 300; *Stewart v. Taft*, 235 F. Supp.2d 763, 767 (N.D. Ohio 2002)).

In addition, plaintiff has not stated a viable § 1983 claim against Mahlman to the extent he seeks to challenge her handling of his grievance.  Plaintiff's allegations do not give rise to a plausible claim of federal constitutional dimension because he has no right under the Constitution to an effective prison grievance procedure.  *See, e.g., Hill v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted*, 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.); *Dearing v. Mahalma,* No. 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (Barrett, J.) (holding that the plaintiff's allegations referring to "his dissatisfaction with the . . . investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris,* No. 1:11cv362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of complaint against prison official

10

responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted*, 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.); *see also Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000).

Accordingly, in sum, plaintiff may proceed with his claim for damages against defendant Dillow in his individual capacity based on Dillow's alleged use of excessive force in the pepper-spraying incident that purportedly occurred on December 29, 2015 at SOCF. However, it is **RECOMMENDED** that all other claims be dismissed because plaintiff's allegations fail to state a claim upon which relief may be granted by this Court.

## IT IS THEREFORE RECOMMENDED THAT:

Except for plaintiff's claim under 42 U.S.C. § 1983 for damages against defendant Dillow in his individual capacity based on his alleged use of excessive force against plaintiff in a pepper-spraying incident that occurred on December 29, 2015 at SOCF, the complaint should be dismissed for failure to state a claim upon which relief may be granted by this Court. In addition, defendant Mahlman should be dismissed as a party to this action.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed with his cause of action under 42 U.S.C. § 1983 for damages against defendant Dillow in his individual capacity based on Dillow's alleged use of excessive force in a pepper-spraying incident that purportedly occurred on December 29, 2015 at SOCF. The United States Marshal shall serve a copy of the complaint, summons, the separate Order

issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Michael Dillow as directed by plaintiff, with costs of service to be advanced by the United States.

2.  Plaintiff shall serve upon the defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAMON JOHNSON,  
    Plaintiff,

vs.

LINNEA MAHLMAN, et al.,  
    Defendants.

Case No. 1:16-cv-503

Black, J.  
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

13