UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAMON JOHNSON, | : | Case No. 1:16-cv-503 |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| LINNEA MAHLMAN, *et al.*, | : | |
| Defendants. | : | |

### DECISION AND ENTRY
### ADOPTING IN PART AND DECLINING IN PART
### THE REPORT AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 4)

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on June 6, 2016, submitted a Report and Recommendation.  (Doc. 4).  Plaintiff filed objections.  (Doc. 6).[1]

---

[1] Plaintiff essentially makes two objections.  First, Plaintiff alleges that Defendant Dillow was personally involved with the denial of medical care, because after pepper spraying Plaintiff, he escorted Plaintiff to the Limited Privilege Block instead of the Infirmary.  (Doc. 6 at 2).  The Court construes these newly alleged facts as a motion for leave to amend the complaint and grants the same.  Plaintiff shall file an amended complaint forthwith.  Second, Plaintiff alleges that being placed in solitary confinement for six months constitutes cruel and unusual punishment.  (*Id.* at 4).  However, as stated in the R&R, segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the confinement is excessively long in duration.  *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010).  Six months in solitary confinement is not so "extreme" as to implicate a liberty interest.  *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process").

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendations should be and is hereby adopted in part and declined in part as explained *supra* at 1, n.1.

Accordingly except for Plaintiff's claims under 42 U.S.C. Section 1983 for damages against defendant Dillow in his individual capacity based on his alleged use of excessive force against Plaintiff in a pepper-spraying incident that occurred on December 29, 2015 at SOCF and the alleged denial of medical care after the pepper-spraying incident, the complaint is **DISMISSED** for failure to state a claim upon which relief may be granted by this Court. Furthermore, Defendant Mahlman is **DISMISSED** as a party to this action.

Plaintiff shall file an amended complaint within 21 days from the date of this Order and include facts about Dillow's involvement in the alleged denial of medical care (*See* Doc. 6 at 2-3).

**IT IS SO ORDERED**.

Date: 6/21/16 *s/ Timothy S. Black*
Timothy S. Black
United States District Judge

2