UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAMON JOHNSON,  Case No. 1:16-cv-503
    Plaintiff,

                                               Black, J.
    vs.                                        Bowman, M.J.

LINNEA MAHLMAN, et al.,  **ORDER AND REPORT**
    Defendants.                           **AND RECOMMENDATION**

This is a *pro se* prisoner civil rights action brought pursuant to 42 U.S.C. § 1983 against the following correctional staff at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio:  Linnea Mahlman, SOCF's Institutional Inspector; and SOCF correctional officer Michael Dillow.  On June 6, 2016, the undersigned issued a Report and Recommendation, wherein it was recommended that defendant Mahlman be dismissed as a party to this action and that plaintiff only be allowed to proceed with his claim for damages against defendant Dillow in his individual capacity based on Dillow's alleged use of excessive force against plaintiff in a pepper-spraying incident that occurred at SOCF on December 29, 2015.  (*See* Doc. 4).  Plaintiff filed objections to that Report and Recommendation, as well as a motion requesting that the Report and Recommendation be reconsidered.  (Docs. 6, 8).  On June 22, 2016, the District Court issued an Order declining to adopt the June 6, 2016 Report and Recommendation to the extent that plaintiff had alleged in his objections that defendant Dillow was also "personally involved with the denial of medical care, because after pepper spraying Plaintiff, he escorted Plaintiff to the Limited Privilege Block instead of the Infirmary."  (*See* Doc. 10, p. 1 n.1, at PAGEID#: 57).  Construing those "newly alleged facts as

a motion to for leave to amend the complaint," the District Court granted the motion and ordered plaintiff to file an amended complaint "forthwith" that included "facts about Dillow's involvement in the alleged denial of medical care." (*See id.* & p. 2, at PAGEID#: 58). However, the Court found no merit to plaintiff's remaining objections and adopted the undersigned's screening Report and Recommendation to dismiss all other claims alleged in the complaint and to dismiss defendant Mahlman as a party to this action. (*See id.*).

This matter is now before the Court on the plaintiff's amended complaint (Doc. 11), which was filed on July 5, 2016 in accordance with the District Court's June 22, 2016 Order. The amended complaint is subject to *sua sponte* review by this Court in accordance with the standards set forth in detail in the June 6, 2016 Report and Recommendation addressing the original complaint (*see* Doc. 4, pp. 1-3, at PAGEID#: 31-33), which are incorporated by reference herein. *See also* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Also pending before the Court is plaintiff's motion filed June 16, 2016 requesting reconsideration of the initial screening Report and Recommendation. (Doc. 8).

In the amended complaint filed by plaintiff in response to the District Court's June 22, 2016 Order, plaintiff has included not only allegations about defendant Dillow's use of excessive force and involvement in the denial of medical care to plaintiff after the pepper-spraying incident, but also has essentially reiterated claims against Dillow and Mahlman that were asserted in the original complaint and plaintiff's objections to the undersigned's June 6,

2

2016 screening Report and Recommendation. (*See* Docs. 3, 6, 11).[1] Therefore, for the reasons previously given for the dismissal of those claims at the screening stage (*see* Docs. 4, 10), it is **RECOMMENDED** that plaintiff only be allowed to proceed with his claims for damages against defendant Dillow in his individual capacity based on Dillow's alleged use of excessive force and denial of medical care to plaintiff on December 29, 2015.

With respect to petitioner's motion for reconsideration (Doc. 8), the motion is **DENIED**. The motion is moot in light of the District Court's subsequent Order adopting in part and declining to adopt in part the June 6, 2016 Report and Recommendation that is the subject of petitioner's motion. (*See* Doc. 10). In any event, contrary to plaintiff's contention in the motion (*see* Doc. 8), the Court has allowed plaintiff to proceed with his excessive-use-of-force claim against defendant Dillow.

## IT IS THEREFORE ORDERED THAT:

Plaintiff's motion for reconsideration (Doc. 8) is **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

In accordance with the District Court's June 22, 2016 Order (*see* Doc. 10), except for plaintiff's claims under 42 U.S.C. § 1983 for damages against defendant Dillow in his individual capacity based on his alleged use of excessive force against plaintiff in a pepper-spraying incident that occurred on December 29, 2015 at SOCF and the alleged denial of medical care after the pepper-spraying incident, the amended complaint (Doc. 11) should be dismissed for

---

[1] Plaintiff has alleged new facts in the amended complaint to the extent that he now claims that he was confined in a "segregated housing unit" for 1 year based on two six-month disciplinary sanctions. (*See* Doc. 11, p. 4, at PAGEID#: 62). However, the undersigned is still not persuaded that the challenged confinement rose to the level of an "atypical and significant" hardship that implicated a protected liberty interest under the Fourteenth Amendment. *Cf. Merchant v. Hawk-Sawyer,* 37 F. App'x 143, 146 (6th Cir. 2002) (holding that 21-month confinement in prison's special segregation housing unit did "not give rise to a protected Fourteenth Amendment liberty interest because it is not an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'" as required by *Sandin v. Connor*, 515 U.S. 472, 484 (1995)).

failure to state a claim upon which relief may be granted by this Court. In addition, defendant Mahlman should be dismissed as a party to this action.

                                                                   *s/Stephanie K. Bowman*
                                                                   Stephanie K. Bowman
                                                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAMON JOHNSON,  Case No. 1:16-cv-503
    Plaintiff,

                                    Black, J.
vs.                                   Bowman, M.J.

LINNEA MAHLMAN, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc