UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAMON JOHNSON,                                   Civil Action No. 1:16-cv-503

    Plaintiff,                                             Black, J.
                                                           Bowman, M.J
  vs.

LINNEA MAHLMAN, *et al.*,

    Defendants.

### REPORT AND RECOMMENDATION

This civil action is now before the Court on Plaintiff's Application for Entry of Default against Defendants Mahlman and Dillow. (Doc. 17). Plaintiff asserts that Defendants failed to timely answer or otherwise plead in this matter. Plaintiff request is not well-taken.

Here, the Court granted Plaintiff leave to file an amended complaint on June 21, 2016. (Doc. 10). Thereafter, Plaintiff filed an amended complaint on July 5, 2016. (Doc. 11). Plaintiff's request for a Clerk's entry of default is premised and makes explicit reference to the original complaint. While Plaintiff's Amended Complaint did not add new claims or defendants, it does not appear that Plaintiff can secure a default judgment premised on his original complaint.

"Generally, amended pleadings supercede original pleadings." *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 617 (6th Cir. 2014); *Drake v. City of Detroit*, 266 F. App'x 444, 447-48 (6th Cir. 2008) (finding that the original "complaint is a nullity, because an amended complaint supercedes all prior complaints."); [*10] *Mercer v. Csiky*, No. 08-11443, 2010 U.S. Dist. LEXIS 64777, 2010 WL 2671329, at

*2 (E.D. Mich. 2010) (finding that "it is not apparent that the Mercers could obtain a default judgment against Ms. Csiky based upon a default that was entered as to a complaint that has been rendered a 'nullity'.") (citation omitted); 6 Wright & Miller, Federal Practice and Procedure (3ed 2010) § 1476 ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.").

Further, many cases have denied motions for default judgments after an amended complaint is filed and found the clerk's entry of default mooted. *See Mercer*, No. 08-11443, 2010 U.S. Dist. LEXIS 64777, 2010 WL 2671329, at *2 (collecting cases); see also *Allstate Ins. Co. v. Yadgarov*, 2014 U.S. Dist. LEXIS 30068, 2014 WL 860019 (E.D.N.Y. 2014) (noting that many courts agree that "once the amended complaint becomes the operative complaint, a motion for default judgment made on a prior pleading should be denied. Similarly, several courts have found that once the original complaint is superceded, a clerk's entry of judgment on that pleading is mooted". (collecting cases); *Liberty Media Holdings, LLC v. Hawaii Members of Swarm of Nov. 15, 2010 to Jan. 27, 2011*, No. 11-00262, 2012 U.S. Dist. LEXIS 54384, 2012 WL 1377003, at *1 (D. Haw. Mar. 27, 2012 (filing an amended complaint rendered the plaintiff's motion for default judgment moot), [*11] report & recommendation adopted, No. 11-00262, 2012 U.S. Dist. LEXIS 54377, 2012 WL 1377000 (D. Haw. Apr. 18, 2012)).

In light of the foregoing, it is herein **RECOMMENDED** Plaintiff's Application for Default (Doc. 17) should be **DENIED as MOOT**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DAMON JOHNSON,                       Civil Action No. 1:16-cv-503

    Plaintiff,                             Black, J.
                                          Bowman, M.J

    vs.

LINNEA MAHLMAN, *et al.*,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).